IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-332-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTWOINE SHAVEZZ STANLEY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fayetteville Police Department assigned to a Bureau of Alcohol, Tobacco, Firearms and Explosives task force. The defendant presented the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a three-count indictment on 3 October 2012 with: possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and 924. The alleged offense date in each count is 26 April 2012. The evidence presented at the

hearing showed that on the alleged offense date authorities made a controlled delivery of a package determined to contain six pounds of marijuana to the boarding house where defendant lived. Defendant signed for it. At the time, defendant was on supervised release for a felony drug conviction in this court. *See* No. 4:02-CR-23-H. A search of his room yielded $1,800 in currency, the drug "spice," a vacuum sealing machine, bags for use with the machine, and digital scales.

Defendant had with him keys to a car parked in front of the house. The registered owner of the car, a former girlfriend of defendant's, told authorities that she had given the car to defendant after they broke up. A search of the back area of the car comparable to the trunk yielded a purple bag containing: a bulletproof vest; a loaded pistol; 45 additional shells for the pistol; 2 1/2 pounds of marijuana; and "spice" jars.

## **Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including his being on supervised release imposed by this court at the time and the presence of the pistol among the marijuana and "spice" jars; defendant's criminal record, including 2 felony convictions and about 9 misdemeanor convictions; the danger of continued drug-distribution activity by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to her work schedule and the extent of the risk of danger

presented by defendant; and the other findings and reasons stated in open court. The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

### **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 29th day of October 2012.

James E. Gates
United States Magistrate Judge